**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| WILLIAM HUDGINS | : | NO. 06-490-01 |

**MEMORANDUM RE § 2255 PETITION**

**Baylson, J.**                                                                                            **April 4, 2012**

The Defendant has filed a Motion for Post-Conviction Relief under 18 U.S.C. § 2255 (ECF No. 151), principally alleging that his counsel at trial, Dennis Caglia, Esquire, was ineffective and deprived him of his constitutionally guaranteed right to competent counsel.

The Defendant was convicted of three counts (Count Nos. 3, 4 and 5), including charges of conspiracy to commit, and commission of, interference of interstate commerce by armed robbery, and using and carrying a firearm during a crime of violence. Because of his extensive criminal record, Hudgins received a sentence of 384 months in custody. Defendant was acquitted of several other counts at the trial.

The Defendant's conviction was upheld by the Third Circuit. See 338 Fed. Appendix 150 (3d Cir. 2009), which opinion sets forth in the basic facts underlying the counts of conviction. The grounds raised on appeal were whether the Court improperly denied a severance and whether the sentence was unreasonable. The Defendant's Petition for Certiorari with the United States Supreme Court was denied, and this timely Petition was filed on August 24, 2011.

Hudgins contends that counsel provided ineffective assistance because he: (1) failed to order a full transcript of the trial; (2) failed to file a motion seeking dismissal of Count Four, charging interference with interstate commerce by robber, relating to the robbery on July 2, 2006; (3) failed

1

to investigate the business dealings of JM Films to show that it did not sell goods in interstate commerce; (4) failed to seek dismissal of the indictment for prosecutorial misconduct; (5) allowed the Defendant to wear prison shoes during trial; (6) failed to object to certain erroneous jury instructions; (7) filed to argue that the Defendant was actually innocent; (8) failed to move for the suppression of the recovered firearm; and (9) failed to argue on appeal that Hudgins' right to a speedy trial was violated.

On February 21, 2012, the Defendant also filed a reply brief (ECF No. 158) to the government's response. This document contains basically only repetitive arguments made by Defendant in his original Petition. He complains about his original counsel in this case, but that the attorney did not try the case and no prejudice was suffered by Defendant, who requested that the original counsel be replaced, which request the Court granted. As the Defendant's own factual background in his reply brief shows, there was abundant evidence at trial to show that Defendant was guilty of the charges on which he was convicted.

The allegations of inadequate counsel against Mr. Caglia are either belied by the actual record or are frivolous in nature or do not truly reflect the facts admitted at trial. For example, the Defendant asserts that one of the jurors did not affirmatively agree with the jury's verdict when the jury was pooled, which is an absolute misrepresentation of the record. The Defendant's arguments about the entire trial transcript not being originally transcribed similarly did not result in any prejudice to the Defendant. The Defendant's complaints about the Court's charge to the jury are not correct, and in any event, are not grounds for granting post-conviction relief. Defendant complains that his trial counsel should have located the owner of the building where the crime took place, but that was not relevant; the only issue was whether the business was engaged in interstate commerce and the government introduced sufficient evidence on that point.    This Court has reviewed the

transcript of the two-day trial, and finds that the performance of Defendant's counsel, Dennis Caglia, Esquire, was professional, competent and as aggressive as possible in all respects. The evidence against the Defendant was simply overwhelming. Several victims of the armed robbery testified against the Defendant as did his accomplice, Leroy Fields, with strong and uncontradicted testimony that the Defendant participated in these robberies.

The record will show that his trial counsel did make argument to the jury that the government had failed to prove the interstate commerce aspect of the case. Whether the evidence was sufficient or not, is not properly raised on a post-conviction petition. However, defense counsel presented the argument forcefully, but the jury found in favor of the government by virtue of its guilty verdict on Counts 3 and 4. The other allegations of inadequate representation by counsel border on the frivolous.

Under the leading case of Strickland v. Washington, 466 U.S. 668 (1984), Defendant has failed to show that (1) his counsel's performance was deficient, and (2) that he was prejudiced by this deficient conduct. Furthermore, the Defendant cannot show prejudice because given the overwhelming evidence, "he cannot show any reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Defendant has specifically failed to show any inadequate counsel or prejudice from the other allegations he makes, specifically that his defense counsel did not order a full transcript of the trial prior to sentencing, that he failed to file a motion seeking dismissal of Count IV, charging interference with interstate commerce by relating to the robbery on July 2, 2006 – because none of these issues would have made any difference in the outcome.

Furthermore, Defendant complains that his counsel failed to investigate the business dealings

of the victim, J. M. Films, but that would have been irrelevant because the only issue is whether they were engaged in interstate commerce and the evidence showed that it was. There was no prosecutorial misconduct in this case, and therefore, no grounds for defense counsel to seek dismissal of the indictment on those grounds.

The Defendant did not complain during the trial that he was improperly forced to wear prison shoes and thus any allegation concerning that is therefore waived.

The Defendant's further arguments that he was actually innocent is frivolous because the trial record shows that the Defendant clearly committed the crimes for which he was convicted. Defendant also asserts that his counsel failed to move for suppression of the recovered firearm, but the firearm was found at the scene of the robbery, as it had been discharged, but it was not found as a result of any search of the Defendant. Defendant's argument that he was denied a speedy trial, and that his trial counsel was not adequate for failing to raise this issue, is also frivolous and untrue.

There is no reason to have an evidentiary hearing in this case. There is not reason for a grant of probable cause for appeal.

An appropriate Order follows.

O:\Criminal Cases\06-490 Hudgins, US v\Hudgins 06-490 Memo 2255.wpd